IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00042-MR
[CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2]

| | |
|---|---|
| SAMUEL ZUNIGA MEDINA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CV Doc. 1[1]].

## I. PROCEDURAL HISTORY

Petitioner Samuel Zuniga Medina entered into a written plea agreement with the Government and pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [Crim. Case No. 1:16-cr-00051-MR-WCM-2 ("CR"),

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-cv-00042-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:16-cr-00051-MR-WCM-2.

Doc. 113 at 4-15: Presentence Report (hereinafter "PSR")]. In exchange for Petitioner's plea, the Government agreed, among other things, to move to dismiss seven additional charges of possession with intent to distribute methamphetamine, for which Petitioner had been indicted. [CR Doc. 14: Indictment; CR Doc. 89: Plea Agreement]. The Government also agreed to move to dismiss an additional charge of possession of a firearm in furtherance of a drug-trafficking crime, which carries a consecutive mandatory minimum prison term of five years. See 18 U.S.C. § 924(c)(1)(A)(i).

Before sentencing, a probation officer prepared a PSR, which determined, among other things, that Petitioner was responsible for 29.3 grams of a mixture or substance containing methamphetamine plus 448.7 grams of actual methamphetamine. [CR Doc. 113 at ¶ 71: PSR]. These values were converted to marijuana equivalent units to determine a base offense level of 32. [Id.]. The PSR recommended a two-level firearm enhancement, a two-level threat of violence enhancement, a two-level enhancement for maintaining a drug house, and a three-level reduction for acceptance of responsibility, for a total offense level of 35. [Id. at ¶¶ 72-74, 80-82]. Considering Petitioner's criminal history category of I, the guidelines recommended a sentencing range of 168 to 210 months' imprisonment. [Id.

2

at ¶¶ 94, 113]. The Court sentenced Petitioner to a term of imprisonment of 188 months. [CR Doc. 125 at 2: Judgment]. The Fourth Circuit dismissed Petitioner's appeal on October 11, 2017. [CR Doc. 136]. In October 2018, Petitioner filed a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, which was denied and dismissed on the merits. [Civil Case No. 1:18-cv-00302, Docs. 1, 7].

On February 13, 2023, Petitioner filed the instant motion purporting to seek relief under § 2255. [CV Doc. 1]. Petitioner requests to be resentenced based on the total amount of methamphetamine for which he was held responsible regardless of purity; that is, for 687.7 grams. As grounds, Petitioner cites Concepcion v. United States, 142 S.Ct. 2389, 2395 (2022), and "United States vs. Tementa Robinson." [Id.]. Petitioner argues for a base offense level of 30 because 687.7 grams is at least 500 grams but less than 1.5 kilograms, yielding a total offense level of 33 and a guideline range of 135 to 168 months. [Id. at 2]. Petitioner advocates for a low-end sentence of 135 months. [Id. at 2-3].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine

whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. Petitioner's first motion claiming ineffective assistance of counsel and deprivation of due process during pretrial detention was adjudicated on the merits. [Case No. 1:18-cv-302, Docs. 1, 7]. Petitioner has not sought and obtained certification from the Fourth Circuit Court of Appeals prior to filing

this motion. As such, this Court may not consider the merits of Petitioner's claim here.

Moreover, Petitioner's motion appears to be in the nature of a motion under the First Step Act, not § 2255, and would be dismissed in any event. To the extent Petitioner intends to seek relief under the First Step Act, he may do so in his criminal proceedings, but not through § 2255. The Court, however, makes no assessment of Petitioner's right to relief under the First Step Act here.

## IV. CONCLUSION

The Court will deny Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. [CV Doc. 1].

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529

U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

### ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive petition under Section 2255 and **WITHOUT PREJUDICE** to Petitioner seeking appropriate relief in his criminal proceeding.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge